UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HERVEY FARRELL                                              CIVIL ACTION

VERSUS                                                      NUMBER: 14-0772

MITCHELL J. LANDRIEU, MAYOR                                 SECTION: "B"(5)
OF THE CITY OF NEW ORLEANS; ET AL.

**REPORT AND RECOMMENDATION**

Presently before the Court is Plaintiff's renewed motion for default judgment against Jennifer Gaubert ("Gaubert"), the sole Defendant remaining in this case. (Rec. doc. 57). For the reasons that follow, it is recommended that Plaintiff's motion be denied, that Plaintiff's 42 U.S.C. §1983 claims against Gaubert be dismissed with prejudice, and that Plaintiff's pendent state law claims against her be dismissed without prejudice.

Plaintiff, Hervey Farrell, through counsel, originally filed this lawsuit against Mayor Mitchell J. Landrieu; former Superintendent Ronal Serpas; Officer Alfred Moran ("Moran"), Sergeant Richard Hunter ("Hunter"), and Officer Jack Buzali Manning ("Manning") of the New Orleans Police Department ("NOPD"); and, Jennifer Gaubert, a private individual. (Rec. doc. 1). Citing 42 U.S.C. §1983 and asserting pendent state law claims pursuant to the supplemental jurisdiction statute, 28 U.S.C. §1367, Plaintiff essentially complained that he was arrested on the basis of false information that had been provided to law enforcement officials by Gaubert and that those officials failed to conduct an independent investigation to corroborate the veracity of Gaubert's complaints. (Rec. doc. 1). Plaintiff subsequently amended his complaint to add the City of New Orleans as an additional Defendant and to better flesh out his allegations against Moran, Hunter, and Manning. (Rec. doc. 3).

The "City Defendants" filed an answer to Plaintiff's complaint on June 11, 2014. (Rec. doc. 9). However, despite being served on May 8, 2014 (rec. doc. 8) and again on August 1, 2014 (rec. doc. 17), Gaubert failed to respond to Plaintiff's complaint. Given that failure, a default against her was subsequently entered by the Clerk of Court on August 29, 2014. (Rec. doc. 20). On Plaintiff's motion, Defendant Hunter was dismissed from this case on September 8, 2014. (Rec. doc. 21, 23). In the interim, Plaintiff had filed a motion for default judgment against Gaubert. (Rec. doc. 22). That motion was deferred for appropriate evaluation on or after the then-scheduled trial date. (Rec. doc. 26).

Thereafter, the Court was called upon to entertain a motion to compel and for contempt after Gaubert failed to appear for her deposition that had been properly noticed by Plaintiff. (Rec. doc. 33). Following a hearing on April 1, 2015, the Court ordered Gaubert to appear and be deposed on a date certain under pain of the issuance of a rule to show cause as to why she should not be held in contempt. (Rec. doc. 37). Ultimately, a settlement conference was conducted by the undersigned on May 21, 2015 which resulted in the resolution of Plaintiff's claims against the City Defendants. (Rec. doc. 49).

In the wake of the settlement agreement, the District Judge ordered Plaintiff to supplement his motion for default judgment with competent proof of his damages. (Rec. doc. 50). That was formally accomplished on June 19, 2015. (Rec. doc. 52). Notably, the District Judge then requested additional briefing on, *inter alia*, "[g]rounds for subject-matter jurisdiction, in particular, proof of a conspiracy between Defendant Gaubert and public officials acting under color of state law …" (Rec. doc. 56). The District Judge also requested "[p]roof that the Renewed Motion for Default Judgment was served on Defendant Gaubert …" (*Id.*). Plaintiff provided the requested briefing on October 13, 2015 (rec. doc. 57), which

2

has since been referred to the undersigned for a Report and Recommendation. (Rec. doc. 58). In doing so, the District Judge directed that Gaubert "… should also be given an opportunity to respond to the pending default motion." (*Id.*). To that end, the Court has since entered a series of orders, directing both the U.S. Marshal and Plaintiff to serve Gaubert with a copy of Plaintiff's most recent motion for default judgment and to thereafter file a return in the record documenting those service efforts. (Rec. docs. 59, 60, 63). Unfortunately, no such proof of service has been forthcoming.

"The Fifth Circuit has held that 'a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)(quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Default judgments are considered to be a drastic remedy, disfavored by the Federal Rules and resorted to only in extreme situations. *Id.*; *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989). "A defendant's default does not in itself warrant the court in entering a default judgment" as "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)(footnote omitted). "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (emphasis in original). "A default judgment is unassailable on the merits … only so far as it is supported by well-pleaded allegations, assumed to be true." *Id.* (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788 (1884)). When presented with a motion for entry of a default judgment, it is thus incumbent on the reviewing court to ensure that the unchallenged facts constitute a legitimate cause of action. 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ., §2688 (3rd ed. 1998); *see also Marshall v. Baggett*, 616 F.3d 850, 852 (8th Cir. 2010). Guided by the foregoing authorities, the Court

thus turns to the allegations presented in Plaintiff's complaint to determine whether he has adequately pled §1983 claims against Defendant Gaubert.

By way of the first two roman numeral numbered portions of his complaint, Plaintiff sets forth the jurisdictional basis of his lawsuit as well as an identification of the original Defendants in this proceeding. (Rec. doc. 1, pp. 1-2). Commencing on page three, Plaintiff then lays out the factual allegations of his complaint, starting with his first encounter with Gaubert on April 6, 2012. (*Id.* at pp. 2-4). Following that encounter, Plaintiff states that he telephoned police and spoke with an unidentified officer who made a report of the incident (*Id.* at p. 4). As a result of the incident, misdemeanor charges were brought against Gaubert, as was civil litigation by Plaintiff himself. (*Id.* at pp. 4-5). The complaint then recounts Gaubert's initial contact with police on April 5, 2013, at which she provided Officer Moran with a false version of the events that had taken place on April 6, 2012 and over the course of the following year. (*Id.* at p. 5). In paragraph 14, Plaintiff alleges that based solely on the false information that had been provided by Gaubert, Officer Moran and Sergeant Hunter secured a warrant for Plaintiff's arrest without conducting any independent investigation, including seeking out or investigating the report of the first encounter between himself and Gaubert. (*Id.* at p. 6).

In the paragraphs that follow, Plaintiff recalls his arrest at the hands of Officer Manning on August 19, 2013 and his subsequent incarceration allegedly "[a]s a result of the illegal and unlawful actions of Ms. Gaubert, Officer Moran, Sergeant Hunter, and Officer Manning …" (*Id.* at pp. 6-7). The ensuing paragraphs speak to Gaubert's efforts to spread false accusations about Plaintiff to various news and media outlets, the dismissal of the criminal charges against Plaintiff, Gaubert's conviction for simple battery on April 2, 2014,

and the overall effect that those events had on Plaintiff. (*Id.* at pp. 7-9). Plaintiff then alleges that "[a]ll of the acts of the defendants were done in concert with each other, and with the approval and complicity of upper management of the New Orleans Police Department and [the] City of New Orleans, …" and that owing to Gaubert's supposed status "… as a radio host and local attorney, she was provided preferential treatment by the New Orleans Police Department and her statements were knowingly used as a basis to obtain a warrant despite knowledge of the prior report of this incident in the NOPD's own computer systems." (*Id.* at p. 9). Plaintiff further alleges that "[b]y failing to properly and diligently conduct their investigation in their application for a warrant, defendants acted with reckless disregard for the truth." (*Id.*). What follows are paragraphs dealing with policy and custom, failure to train, the unavailability of qualified immunity, and an explication of Plaintiff's state law claims under the section of his complaint bearing roman numeral four. (*Id.* at pp. 9-12). Plaintiff's request for relief and jury demand comprise the final paragraphs of his complaint. (*Id.* at pp. 12-13). As noted earlier, Plaintiff amended his complaint on April 6, 2014 but nothing in that supplemental pleading is directly addressed to Defendant Gaubert. (Rec. doc. 3).

Title 42 U.S.C. §1983 provides, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State … subjects, or causes to be subjected any … person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." "Only state action in violation of an individual's constitutional rights may serve as the basis for a cognizable Section 1983 claim under federal law." *Donley v. Hudson's Salvage, LLC*, No. 10-CV-3223, 2011 WL 5930473 at \*17 (E.D. La. Nov. 29, 2011), *aff'd*, 517

5

Fed.Appx. 216 (5th Cir.), *cert. denied*, __ U.S. __, 134 S.Ct. 281 (2013).  Plaintiff must thus show both a violation of a right secured by the Constitution or laws of the United States and that the violation was committed by a person acting under color of state law. *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).  "When a plaintiff asserts a Section 1983 claim 'against any private defendant, … the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law.'" *Donley*, 2011 WL 5930473 at *17.  The conduct of the private defendant must be said to be "fairly attributable to the state."  *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255 (1988)).

Relevant to the matter at hand, "[p]roviding information to the state and pressing for state action against an individual, without more, cannot suffice to make a private entity liable under section 1983 as a state actor." *Manax v. McNamara*, 842 F.2d 808, 813 (5th Cir. 1988). "It is well settled that private parties do not become state actors merely by calling upon law enforcement for assistance." *Cook v. City of Shreveport*, No. 10-CV-0809, 2011 WL 3665000 at *4 (W.D. La. Aug. 19, 2011).  "Likewise, private citizens who give information to law enforcement do not become state actors under Section 1983 when the information is used to effect an arrest, even if the citizen knew that the information was false." *Id.*; *Paulino v. Banguera*, No. 10-CV-4784, 2011 WL 1831759 at *6 (D. N.J. May 12, 2011).

Based upon the allegations that are set forth in Plaintiff's complaint, it is apparent that Defendant Gaubert is not a state actor as required to establish liability under §1983.  To the contrary, Gaubert is merely a private citizen who was in no way clothed with the authority of state law to arrest and detain Plaintiff.  Rather, Gaubert merely provided police with information suggestive of criminal activity on the part of Plaintiff which, even if false, is

6

clearly insufficient to deem Gaubert a state actor subject to §1983 liability. *Lavergne v. Martinez*, No. 13-CV-2121, 2014 WL 897837 at *4 (E.D. La. March 6, 2014), *aff'd*, 567 Fed.Appx. 267 (5th Cir.), *cert. denied*, __ U.S. __, 135 S.Ct. 449 (2014); *Donley*, 2011 WL 5930473 at *20. Gaubert's subjective motivation in providing the information to Moran has no impact on the state-actor requirement. *Michael v. Boutwell*, No. 14-CV-0116, 2015 WL 5837553 at *23 (N.D. Miss. Oct. 7, 2015)(citing *Manax*, 842 F.2d at 813).

Moreover, the facts alleged by Plaintiff are insufficient to support any claim of a conspiracy between Gaubert and a state actor to transform Gaubert's conduct to state action for purposes of §1983 liability. In the Fifth Circuit, "'[p]laintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient.'" *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991)(quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1367-70 (5th Cir. 1987)). "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. §1983." *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)(quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). Although Plaintiff generally contends that the Defendants acted "in concert" with each other, nowhere does he specifically allege that Gaubert and the other Defendants agreed, or had a "meeting of the minds," to commit an illegal act. *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990); *Lavergne*, 2014 WL 897837 at *4. Stripped to essentials, Plaintiff alleges only that the named Defendant law enforcement officials, perhaps owing to Gaubert's so-called "status" as a former radio talk show host and attorney, arrested Plaintiff without conducting an adequate investigation into the information that Gaubert had provided, including discovering the report that Plaintiff had lodged with NOPD following his initial encounter

7

with Gaubert on April 6, 2012. In the absence of any allegation that Officer Moran and Sergeant Hunter knowingly acted on false information, Gaubert's provision of such information does not establish state action sufficient to establish §1983 liability. *Michael*, 2015 WL 5837553 at *23 (citing *Donley*, 2011 WL 5930473 at *20). Because Gaubert is not a state actor, Plaintiff's §1983 claims against her have no basis in federal law and should thus be dismissed. *Segue v. Carollo*, No. 14-CV-2842, 2015 WL 2089759 at *4 (E.D. La. Apr. 30, 2015); *Lavergne*, 2014 WL 897837 at *4; *Donley*, 2011 WL 5930473 at *20.[1/]

With the recommended dismissal of Plaintiff's §1983 claims against Gaubert, that leaves before the Court only Plaintiff's state-law claims against her. Those claims should be dismissed without prejudice to Plaintiff's right to pursue them in state court. 28 U.S.C. §1367(c)(3); *Sibley v. Lemaire*, 184 F.3d 481, 490 (5th Cir. 1999), *cert. denied*, 529 U.S. 1019, 120 S.Ct. 1420 (2000).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's renewed motion for default judgment be denied and that Plaintiff's §1983 claims against Defendant, Jennifer Gaubert, be dismissed with prejudice.

It is further recommended that Plaintiff's state law claims against Gaubert be dismissed without prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

---

[1/] Even if the Court was not called upon to pass on the sufficiency of the allegations set forth in Plaintiff's complaint in resolving his motion for default judgment, it possesses the power to do so on its own initiative. *First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135 (5th Cir. 1995); *Guthrie v. Tifco Industries*, 941 F.2d 374, 379 (5th Cir. 1991), *cert. denied*, 503 U.S. 908, 112 S.Ct. 1267 (1992).

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc). [2]

    New Orleans, Louisiana, this  31st  day of             March            , 2016.

                                                              MICHAEL B. NORTH
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.